**Jesse L. London, OSB No. 132730**
Email: jesse@londonparislaw.com
**London & Paris LLP**
66 Club Rd Ste 200
Eugene OR  97401
Telephone: 503.877.3107
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISON

| | |
|---|---|
| Grey Wolf BJJ, LLC, an Oregon Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Grey Wolf BJJ, LLC, an Arizona Limited Liability Company, and John L. Cabay, an individual,<br><br>　　　　　Defendant. | Case No.  6:23-cv-1872<br><br>**COMPLAINT**<br><br>**TRADEMARK INFRINGEMENT 15 U.S.C. 1114, UNFAIR COMPETITION 15 U.S.C. 1125, COPYRIGHT INFRINGEMENT 17 U.S.C. § 101**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Grey Wolf BJJ, LLC, an Oregon Limited Liability Company, ("Grey Wolf" or "Plaintiff"), by and through its attorneys, files its Complaint for Unfair Competition and Copyright Infringement against Grey Wolf BJJ, LLC, an Arizona Limited Liability Company, whose sole member, on information and belief, is John L. Cabay (collectively, "Cabay" or "Defendants"), alleging as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under 17 U.S.C. 101 et seq. and unfair competition pursuant to 15 U.S.C. § 1125(a). Grey Wolf seeks remedies for Cabay's infringement of Grey Wolf's U.S. Copyright Nos. VA 227167 and TX 09982357 ("Grey Wolf Copyrights") and its trademarks and common law marks as outlined below.

## PARTIES

2. Grey Wolf is a company organized and existing under the laws of Oregon having its principal place of business at 1199 Fairfield Ave., Eugene, OR 97478.

3. On information and belief, Cabay is an individual resident of the State of Arizona with an address of 6518 South McCallister Ave, Tempe AZ 85283 is a sole member of a company with the tradename Grey Wolf BJJ, LLC, organized and existing under the laws of Arizona having been formed on July 22, 2021, having its principal place of business at 4030 E. Thunderbird, Phoenix, AZ 85032.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of Grey Wolf's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) with respect to the copyright and trademark claims, as well as to the plaintiff's Lanham Act unfair competition claim, pursuant to 28 U.S.C. § 1338(b), in that the claim is joined with a substantial and related claim under the trademark laws of the United States.

5. This Court has personal jurisdiction over Cabay because a substantial portion of the events giving rise to the claim occurred within this District, the Defendants have committed acts of infringement in and has significant contacts within the District and is infringing Grey Wolf's intellectual property in its product listings targeted at this District and/or are using, selling, or

offering to sell or offer similar services of the infringing product in this District, including participating in competitions using the infringing Grey Wolf Copyrights and Grey Wolf Marks.

6. Venue is proper in this district by virtue of 28 U.S.C. §§ 1391 and 1400 because, on information and belief, Cabay's acts of copyright infringement and unfair competition took place and are still taking place within this jurisdiction, namely Defendant copied copyrighted images from websites and businesses, as well as using tradenames and marks used first within this district and continue to use those images and marks within this district without authorization.

## **PLAINTIFF'S BUSINESS AND INTELLECTUAL PROPERTY RIGHTS**

7. Plaintiff is, and has been, incorporated as a limited liability company in the State of Oregon since March 2018 which provides, *inter alia*, a Brazilian Jiu Jitsu facility featuring education, products, and competitions to students.

8. Plaintiff is the exclusive owner of U.S. Trademark Registration No. 6846517 ("GREY WOLF Wordmark") for the standard character mark GREY WOLF in International Class 041 for

> "Instruction in the field of jiu-jitsu; Instruction in the nature of Brazilian Jiu-Jitsu techniques and methodology clinics; Instruction in the nature of jiu-jitsu techniques lessons; Developing training systems and learning methodologies for others; Health club services, namely, providing instruction and equipment in the field of physical exercise; Operating of martial arts' studios; Operating of martial arts schools; Personal training services, namely, strength and conditioning training; Personal fitness training services and consultancy; Physical fitness training of individuals and groups; Physical fitness training services; Providing a web site featuring non-downloadable instructional videos in the field of martial arts; Providing a web site that features informal instruction on jiu-jitsu; Providing classes, workshops, seminars and camps in the fields of fitness, exercise, boxing, kick-boxing and mixed martial arts; Providing general fitness and mixed martial arts facilities that require memberships and are focused in the fields of general fitness, exercise, and mixed martial arts; Providing information about martial arts match results; Providing information in the field of exercise training"

9. Since at least as early as September 2017, Plaintiff has exclusively and continuously used the tradenames, marks, and common law mark "GREY WOLF" as tradename registered with

the Oregon Secretary of State and used throughout the Western United States. Plaintiff uses and has used, "GREY WOLF" standing alone on its website and, since no later than March 15, 2018, in conjunction with its physical location, and as that mark is used as a primary element in the marks "GREY WOLF BRAZILIAN JIU JITSU" and "GREY WOLF BJJ" ("Common Law Marks").

10. Plaintiff's GREY WOLF Wordmark and Common Law Marks are referred to herein collectively as the "GREY WOLF MARKS".

11. Plaintiff is the exclusive owner of U.S. Copyright Registration No. TX 8-982-357, for covering its website, artwork, and photographs with date of first publication of September 3, 2017 ("Website Registration").

12. Plaintiff is the exclusive owner of U.S. Copyright Registration No. VA 2-271-678, for covering its artwork of its logo with date of first publication of September 29, 2019, ("Logo Registration"). The Website Registration and the Logo Registration are referred to herein collectively as the "Grey Wolf Copyrights."

13. The artwork associated with the Logo Registration features a stylized wolf as its



primary element and appears as follows:

14. Plaintiff has continuously invested significant sums of money to promote its goods and services under the GREY WOLF MARKS and promote sales of products and licensed products under the Grey Wolf Copyrights.

15. Plaintiff owns and uses the website at www.greywolfbjj.com.

16. Plaintiff's works registered under the Grey Wolf Copyrights are highly valuable and are associated with Plaintiff's services selling clothing and its education services.

## ACTS GIVING RISE TO THIS ACTION

17. Plaintiff first learned about Cabay's infringing use of the GREY WOLF MARKS and Grey Wolf Copyrights in November of 2021, during the COVID-19 pandemic.

18. Cabay's infringing uses of the GREY WOLF MARKS include:

   a. Using the GREY WOLF MARKS as his registered tradename of "Grey Wolf BJJ, LLC".

   b. Using the GREY WOLF MARKS on advertising, websites, social media, clothing items, at competitions nationwide, and signage.

19. On or about November 19, 2021, Plaintiff, via Mr. Michael Yi, a member of the Plaintiff, sent a cease and desist letter to Cabay demonstrating Cabay's infringing use of the GREY WOLF MARKS and asking that Cabay cease use and verify by December 15, 2021.

20. On or about December 3, 2021, Cabay called Mr. Yi by phone ("December Call").

21. In the December Call, Cabay admitted to Mr. Yi that the names were similar, and that Cabay did not understand why Cabay could not use name also.

22. In the December Call, Mr. Yi explained that, for example, Internet searches made by Oregon consumers for "Grey Wolf" in conjunction with "BJJ" or "Jiu Jitsu" returned both businesses and that, because Grey Wolf started its business three (3) years earlier, consumers may be misled that Plaintiff's business had opened another location.

23. In the December Call, Cabay explained to Mr. Yi that Cabay liked the name "Grey Wolf BJJ' because there was "only one other school in the United States that had that name," which was Plaintiff's school.

24. Cabay's use of GREY WOLF MARKS were without Plaintiff's authorization or permission.

25. Cabay's infringement of Plaintiff's GREY WOLF MARKS has at all relevant times been willful and knowing.

26. After the December Call, Plaintiff later learned that Cabay was not only infringing on the GREY WOLF MARKS, but, Cabay had gone so far as to also copy and infringe the Grey Wolf Copyrights by using a wolf design nearly identical to that of the Logo Registration.

27. Cabay's infringing uses of the Grey Wolf Copyrights include:

   a. Copying the works, including the wolf artwork, in the Grey Wolf Copyrights on advertising, websites, social media, clothing items, at competitions nationwide, and signage.

   b. Preparing derivative works based on the works, including the wolf artwork, in Grey Wolf Copyrights on advertising, websites, social media, clothing items, at competitions nationwide, and signage.

   c. Distributing copies of the works, including the wolf artwork, in Grey Wolf Copyrights on advertising, websites, social media, and clothing items.

28. Cabay's use of Plaintiff's copyrighted images and text were without Plaintiff's authorization or permission.

29. Cabay's infringement of Plaintiff's Grey Wolf Copyrights has at all relevant times been willful and knowing.

30. Defendant had access to Plaintiff's copyrighted images due to publication on various websites, including on https://www.greywolfbjj.com.

31. Cabay's infringement of Plaintiff's Grey Wolf Copyrights and GREY WOLF MARKS includes the following use, copying, and distribution:



32. On information and belief, Defendants have used the copyrighted works under the Grey Wolf Copyrights and infringed the GREY WOLF MARKS on www.greywolfjiujitsu.com.

33. On information and belief, in addition to use on clothing and signage, Defendants have used the copyrighted image has used the copyrighted works under the Grey Wolf Copyrights on Facebook, Venmo, and Instagram.

34. Plaintiff and Cabay's marks, logos and other works have been or will be seen by the same consumers at nationwide Jiu Jitsu competitions where both Plaintiff and Defendant compete creating actual confusion.

35. Despite notice of infringement, Cabay's infringement of the GREY WOLF MARKS and the Grey Wolf Copyrights continues.

## **FIRST CLAIM FOR RELIEF**

## **COPYRIGHT INFRINGEMENT**
### **(17 U.S.C. ET SEQ.)**

36. Plaintiff incorporates herein each and every allegation set forth in the paragraphs above and further alleges as follows:

37. Plaintiff is the sole owner of the original copyrighted images and text, as well as having registered its copyright with the United States Copyright Office under the Grey Wolf Copyrights.

38. Defendant had access to Plaintiff's copyrighted images due to publication of Plaintiff's images on various websites, including www.greywolfbjj.com.

39. Defendants have made unauthorized copies of Plaintiff's images, text, and used said copies on their websites in order to sell Cabay's products and services.

40. Cabay's use of Plaintiff's photographs was without Plaintiff's authorization or permission.

41. Defendant continue to offer for sale and/or sell product using Plaintiff's images and text.

42. Plaintiff would charge a minimum of $20,000.00 per image per gym to utilize its images to market products and services.

43. Defendants have obtained a profit utilizing the images and text taken from Plaintiff.

44. Wherefore, Plaintiff makes a claim against Defendant for copyright infringement.

## SECOND CLAIM FOR RELIEF

### FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING
### (15 U.S.C. § 1114)

45. Plaintiff incorporates herein each and every allegation set forth in the paragraphs above and further alleges as follows:

46. Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

47. Cabay has sold and/or offered to sell goods and services using a reproduction, counterfeit, copy, or colorable imitation of one or more of the GREY WOLF MARKS in connection with the sale, offering for sale, distribution, or advertising of goods. Such use is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32 of the Lanham Act. Grey Wolf has not authorized these activities.

48. Cabay's acts of infringement and counterfeiting in violation of Section 32 of the Lanham Act are intentional, malicious, fraudulent, willful, and deliberate.

49. Cabay has knowingly and willfully intended to trade on the recognition of, and has willfully intended to harm the reputation of the GREY WOLF MARKS.

50. Cabay's acts of infringement in violation of Section 32 of the Lanham Act have inflicted and, if not enjoined, will continue to inflict irreparable harm on Grey Wolf. Thus, Grey Wolf has no adequate remedy at law.

51. Pursuant to 15 U.S.C. § 1117, Grey Wolf is entitled to recover damages in an amount to be determined at trial, including Cabay's profits, Grey Wolf's losses due to Cabay's conduct, and costs of the action. Furthermore, the actions of Cabay were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Grey Wolf to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 (a-b).

52. Pursuant to 15 U.S.C. § 1118, Plaintiff asks the Court for an order forcing Cabay to deliver up for destruction all products, labels, signs, prints, advertisements, and other articles in its possession or control that infringe Plaintiffs' rights.

## THIRD CLAIM FOR RELIEF

### FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

53. Plaintiff incorporates herein each and every allegation set forth in the paragraphs above and further alleges as follows:

54. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . . or any false designation of origin . . . which is likely to cause confusion or to cause mistake, or to deceive as to affiliation . . . or as to origin, sponsorship, or approval of goods [or] services . . . shall be liable in a civil action."

55. Cabay's use of the GREY WOLF MARKS in order to promote, market, offer for sale, and sell the counterfeit Grey Wolf goods and services has created and is creating a likelihood of confusion, mistake, and deception as to affiliation, connection, or association with Grey Wolf or the origin, sponsorship, or approval of Cabay's counterfeit Grey Wolf goods and services. By

using the GREY WOLF MARKS on the counterfeit goods, Defendant create a false designation of origin.

56. Cabay's actions demonstrate a malicious, intentional, willful, and bad faith intent to trade on Grey Wolf's goodwill and to cause confusion, deception, and mistake by offering counterfeit products under the GREY WOLF MARKS and by intentionally portraying a non-existent affiliation or relationship between Grey Wolf and Cabay's goods, businesses, and websites, thereby causing significant and irreparable injury to Grey Wolf.

57. Defendants have willfully intended to trade on the recognition of, and have, willfully intended to harm the reputation of Grey Wolf and the GREY WOLF MARKS.

58. Cabay's aforementioned acts constitute false designation of origin, trademark infringement, and unfair competition in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

59. As a direct and proximate result of Cabay's actions such actions have caused and are likely to cause substantial injury to the public and to Grey Wolf, its business, goodwill, and reputation who have no adequate remedy at law.

60. Grey Wolf is entitled to injunctive relief, and to recover Cabay's profits associated with the infringement and Grey Wolf's costs, reasonable attorneys' fees, and treble damages under 15 U.S.C. §§ 1116 and 1117(a-b)

61. Pursuant to 15 U.S.C. § 1118, Plaintiff asks the Court for an order forcing Cabay to deliver up for destruction all products, labels, signs, prints, advertisements, and other articles in its possession or control that infringe Plaintiffs' rights.

**PRAYER FOR RELIEF**

WHEREFORE, Grey Wolf respectfully requests the following relief:

A. For damages for each infringement of Contagious' copyright pursuant to 17 U.S.C. § 504 in an amount of: (1) Plaintiff's actual damages in an amount not less than $20,000.00 per infringed work per gym, and (2) for Cabay's profits;

B. For an injunction prohibiting Defendants from any further use of GREY WOLF MARKS and works subject to the Grey Wolf Copyrights;

C. For an impoundment order requiring that all infringing works be destroyed;

D. An award of pre and post-judgment interest, and the taxation of all allowable costs against Cabay;

E. A determination that this is an exceptional case and award Grey Wolf its costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117;

F. That Cabay account to Grey Wolf for their profits and any damages sustained by Grey Wolf arising from their acts of counterfeiting and infringement;

G. Impose a constructive trust on all funds paid to Cabay as a result of its wrongful acts;

J. Judgment in favor of Grey Wolf enjoining Cabay from:
  i. using the GREY WOLF MARKS or any variant, reproduction, copy, or colorable imitation thereof as a trademark, trade name, corporate identity, or indicia of origin on Cabay's products or in connection with the marketing, advertisement, distribution, sale, or offering for sale of Cabay's products, unless such products are genuine products and services made or provided by Grey Wolf or with Grey Wolf's authorization;
  ii. engaging in any conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to source, or confusion as to the affiliation,

      connection, association, origin, sponsorship, or approval of Cabay's business, services, website or other activities with Grey Wolf or the GREY WOLF MARKS;

   iii. passing off or inducing or causing others to pass off any product or service under one of the GREY WOLF MARKS unless such product is a genuine Grey Wolf product or service sold under the GREY WOLF MARKS with the authorization of Grey Wolf;

   iv. selling, disposing, destroying, transferring, or otherwise distributing any counterfeit or infringing products in inventory or otherwise currently possessed or under the control of Cabay or Cabay's agents, whether to customers or to any third party.

K. That, upon Grey Wolf's request, all in privity with Cabay and with notice of the injunction, including but not limited to any online or social media marketplace platforms, such as Amazon, Facebook, Instagram, Venmo, and vendors of sponsored search terms or online ad-word providers, financial services providers, including but not limited to credit card providers, banks, merchant account providers, third party payment processors, web hosts, and Internet search engines, such as Google, Bing, and Yahoo shall:

   i. cease providing services used by Defendants, currently or in the future, to sell or offer for sale goods under the GREY WOLF MARKS which infringe the GREY WOLF MARKS or Grey Wolf Copyrights;

   ii. cease displaying any advertisements in any form, connected or associated with Cabay in connection with the sale of counterfeit or infringing goods under the GREY WOLF MARKS and/or Grey Wolf Copyrights which infringe the GREY WOLF MARKS and/or Grey Wolf Copyrights; and

      iii. disable all links to the marketplace accounts associated with Cabay offering for sale goods and services under the GREY WOLF MARKS and/or Grey Wolf Copyrights t from displaying in search results, including from any search index.

L.     That Grey Wolf be awarded enhanced damages under 15 U.S.C. § 1117;

M.    In the alternative, that Grey Wolf be awarded statutory damages under 15 U.S.C. § 1117(c)(2).

N.    That Defendant disgorge any profits earned by their tortious activities;

P.    Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Respectfully submitted,

Dated: December 13, 2023

_____
Jesse L. London
LONDON & PARIS LLP
66 Club Road, Suite 200
Eugene, Oregon 97401
(503) 877-3107
jesse@londonparislaw.com
Of *Attorneys for Plaintiff*